```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEVIN BRADLEY GUMBS, | : |
| : | Civil Action No. 10-1519 (MLC) |
| Plaintiff, | : |
| v. | :  **MEMORANDUM OPINION** |
| MR. ED JOHNSON, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Kevin Bradley Gumbs
Monmouth County Department of Corrections
1 Waterworks Road
Freehold, NJ 08562

**COOPER, District Judge**

  Plaintiff, Kevin Bradley Gumbs, a prisoner confined at the Monmouth County Department of Corrections in Freehold, New Jersey, seeks to bring a civil action.  Plaintiff neither pre-paid the full $350 filing fee nor submitted an application for leave to proceed in forma pauperis.  Plaintiff made a partial payment of the filing fee in the amount of $15.

  Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915, which establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.  A prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must

submit a certified copy of the inmate trust fund account statement(s) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison of confinement. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). There is no other provision for partial incremental payments of the filing fee.

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court may dismiss the complaint if the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C.

§ 1997e (dismissal of prisoner actions brought as to prison conditions).  If the Court dismisses the complaint for any of these reasons, the installment payments of the filing fee are not suspended and the prisoner is not permitted to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff here failed to prepay the full filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted

leave to move to reopen within 30 days.[1]  An appropriate Order will be entered.

                                            s/ Mary L. Cooper  
                                           **MARY L. COOPER**  
                                           United States District Judge

Dated:  May 12, 2010

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).